**Irving W. COLEMAN, Plaintiff,**

v.

**TWO GUYS FROM HARRISON, Inc., a Pennsylvania corporation, and Two Guys From Harrison, Inc., a New York corporation, Defendants.**

**Civ. A. No. 23553.**

United States District Court
E. D. Pennsylvania.
Dec. 12, 1957.

Martin A. Kutler, Northampton, Pa., for plaintiff.

Morris Efron, Allentown, Pa., and Leon H. Kline, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

The case is before us on plaintiff's motion to remand. From the pleadings and the affidavits of the parties the following pertinent facts appear:

The Pennsylvania corporate defendant is a wholly owned subsidiary of the New York corporate defendant. Plaintiff, as the owner of 200 shares of class "A" common stock of the New York corporation having a current aggregate value of $1,900 or less, brought suit in the Court of Common Pleas of Lehigh County, Pennsylvania against both de- fendants to enjoin them from engaging in alleged ultra vires acts which plain- tiff claims imperil the charter of the subsidiary Pennsylvania corporation and so impair the value of plaintiff's stock in the parent corporation.

Asserting that the plaintiff's joinder of the Pennsylvania corporation as a defendant was a sham to forestall re- moval to this court, the New York cor- poration caused the case to be removed here on the grounds that the amount in controversy exceeded $3,000 and that the real parties in interest were citizens of different states. Affidavits filed by the New York defendant indicate that the grant of the relief sought by the plaintiff would result in a loss of sales in excess of $3,000 weekly to an- other Pennsylvania corporation, Two Guys From Harrison—Allentown, Inc., which is not a party in this action. The affidavits, however, do not allege any consequent loss of profit either to that corporation or to its parent, the New York corporate defendant, and it is, on this record, a matter of conjecture whether the alleged prospective loss of sales would result in any loss of profit.

The plaintiff's motion to remand chal- lenges the validity of the grounds upon which the case was removed. The plain- tiff avers, without contradiction, that the value of his stock was and is sub- stantially less than $3,000. Plaintiff also insists that the Pennsylvania cor- poration is an indispensable party to the action. Since we conclude that the amount in controversy is less than the requisite jurisdictional amount, discus- sion will be confined to this point.

The statute under which this action was removed provides for removal of any civil action of which the district court has original jurisdiction.[1] District courts have original jurisdiction, inter alia, of a civil action " * * * where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, * * * " and is between citizens of different states.

1. 28 U.S.C.A. § 1441(a).

The critical question is what is the value of the "matter in controversy" in this suit for injunction in which no monetary damages are claimed. Upon the present record it is unnecessary to determine whether the standard contended for by the plaintiff or that urged by the defendants should be applied.[2] The plaintiff insists that from his viewpoint the value of the controversial matter does not exceed $1,900. A loss of sales in excess of $3,000 weekly by a second subsidiary Pennsylvania corporation, not a party to this action, does not establish the value of the matter in controversy to be in excess of $3,000, absent any allegation of consequent loss or damage to the parent corporate defendant equal to or in excess of the requisite jurisdictional amount.

### Order.

Now, December 12, 1957, the plaintiff's motion to remand is granted and the action is remanded to the Court of Common Pleas of Lehigh County, Pennsylvania.

---

2. Dobie, Jurisdictional Amount in United States District Courts, 38 Harv.L.Rev. 733 (1925).